IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09cv234
3:04cr296

| | |
|---|---|
| BILLY DEE WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court for an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1), filed June 9, 2009.

I.     **BACKGROUND**

On November 15, 2004, Petitioner was one of two individuals named in a five-count Bill of Indictment. (Case No. 3:04cr296: Doc. No. 1). Count One charged Petitioner with conspiracy to possess with intent to distribute more than 1.5 kilograms of cocaine base in violation of 21 U.S.C. §§ 841 and 846. Counts Two, Three, and Four charged Petitioner with possession with intent to distribute at least 5 kilograms of cocaine base in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. Count Five charged Petitioner with knowingly and unlawfully using and carrying a firearm during and in relation to a drug trafficking crime, and possessing a firearm in furtherance of such drug trafficking crime. On January 3, 2005, the Government filed a Section 851 notice setting forth two prior drug convictions. (Case No. 3:04cr296: Doc. No. 18). On July 14, 2005, the parties filed a plea agreement with the Court. (Case No. 3:04cr296: Doc. No. 29). On August 9, 2005, pursuant to the terms of the plea agreement, Petitioner entered a guilty plea to Counts One and Five of the

Indictment at his Rule 11 hearing.[1] (Case No. 3:04cr296: Doc. No. 31). On July 11, 2006, this Court sentenced Petitioner to life imprisonment as to the drug conspiracy charges and 60 months consecutive as to the firearm offense. Judgment was entered on July 21, 2006. (Case No. 3:04cr296: Doc. No. 36).

On July 25, 2006, Petitioner filed a Notice of Appeal. (Case No. 3:04cr296: Doc. No. 39). On March 11, 2008, the United States Court of Appeals for the Fourth Circuit upheld the waiver provision of Petitioner's plea agreement and dismissed the appeal. United States v. Williams, No. 06-4794 (4th Cir. Mar. 11, 2008).

On June 9, 2009, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence. (Doc. No. 1.) The Motion to Vacate alleges Petitioner received ineffective assistance of counsel.

## II. DISCUSSION

### A. Initial Review Authority

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether a petitioner is entitled to any relief on the claims set forth therein. In the event it is determined that a petitioner is not entitled to relief, the reviewing Court must dismiss the motion.

Following such directive, this Court has reviewed Petitioner's Motion to Vacate and the pertinent record evidence. Such review clearly establishes that Petitioner is not entitled to relief.

---

[1] In accordance with the terms of the plea agreement, the Government dismissed Counts Two, Three, and Four. (Crim. Case No. 3:04cr296: Doc. No. 29, ¶ 2.)

### B. Ineffective Assistance of Counsel

#### 1. Standard of Review

Petitioner's ineffective assistance of counsel claims are governed by Strickland v. Washington, 466 U.S. 668, 687-91 (1984). Under Strickland, a petitioner must establish (1) that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and (2) that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Att'y General, 956 F.2d 1290, 1297-99 (4th Cir. 1992), cert. denied, 474 U.S. 865 (1995). The petitioner bears the burden of proving prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

Moreover, a defendant who alleges ineffective assistance of counsel following the entry of a guilty plea must overcome an even higher burden. Hill v. Lockhart, 474 U.S. 52, 53-59 (1985). When a Petitioner challenges a conviction entered after a guilty plea, in order to establish the requisite prejudice, such a petitioner must show that "there is a reasonable probability that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988), cert. denied, 488 U.S. 843 (1988).

#### 2. Drug Amount

Petitioner alleges his counsel was ineffective for failing to object when this Court sentenced him based upon a drug quantity of 8.05 kilograms of cocaine base. Petitioner asserts that such drug quantity was in conflict with the evidence. More specifically, Petitioner asserts he can only be held

responsible for 46.53 grams of cocaine base – the amount of cocaine base that was physically obtained from him.

Count One of Petitioner's Indictment specifically set forth that he was charged with conspiracy to possess with intent to distribute more than 1.5 kilograms of cocaine base. (Case No. 3:04cr296: Doc. No. 1). Petitioner agreed to plead guilty to Counts One and Five and also stipulated that the amount of cocaine base that was reasonably foreseeable to him was more than 1.5 kilograms. (Case No. 3:04cr296: Doc. No. 29, ¶ 7a). At his Rule 11 hearing, Petitioner swore under oath[2] that he understood he was pleading guilty to conspiracy to posses with intent to distribute greater than 1.5 kilograms of cocaine base and that he was, in fact, guilty of this crime. (Case No. 3:04cr296: Doc. No. 65 at 4-5, 15, 16-19). At his sentencing hearing, Petitioner reaffirmed the answers he had given at his plea hearing. (Case No. 3:04cr296: Doc. No. 58 at 2-3). Petitioner acknowledged that he had read his presentence report, which set forth that he was responsible for greater than 1.5 kilograms of cocaine base. (Id. at 3).

Petitioner's assertion that he is only responsible for the amount of drugs physically recovered from him is legally incorrect. See, e.g., United States v. Randall, 171 F.3d 195, 210 (4th Cir. 1999) (district court may consider hearsay at sentencing in determining drug quantity); United States v. Brooks, 957 F.2d 1138, 150-51 (4th Cir. 1992) (negotiated but undelivered amounts may be included in relevant drug quantities); United States v. Kiulin, 360 F.3d 456, 461-62 (4th Cir. 2004) (the drug equivalent of cashed seized may be included). Petitioner knowingly and voluntarily pled guilty to conspiracy to possess with intent to distribute greater than 1.5 kilograms of cocaine base.

---

[2] The Court, in accordance with the law, has placed great weight on the Petitioner's representations at his Rule 11 Hearing. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) (representations made by a defendant at a plea hearing, as well as any findings made by the judge, constitute a formidable barrier in any subsequent collateral proceeding); United States v. DeFusco, 949 F.2d 114,119 (4th Cir. 1991) (statements made by a defendant during a Rule 11 proceeding constitute strong evidence of the voluntariness of the plea).

The presentence report contained factual findings based upon acceptable evidence. Thus, the record is clear that Petitioner's counsel had no basis for objecting to the drug amount, and Petitioner was not prejudiced by his failure to object. Consequently, the ineffective assistance of counsel claim fails on this basis.

Petitioner also alleges that his counsel was ineffective for failing to object to the Court's use of Petitioner's prior criminal history in calculating his sentence. Petitioner argues that such action violates the law.[3] Petitioner is simply incorrect. Petitioner alleges no legal basis upon which his counsel could have objected to the use of his past criminal convictions. As such, counsel's performance was not deficient, and Petitioner was not prejudiced. Petitioner has thus failed to establish a claim of ineffective assistance of counsel on this basis as well.

## III. CONCLUSION

The Court's initial review of the Petitioner's Motion to Vacate and the relevant record evidence conclusively shows that Petitioner has failed to establish that he received ineffective assistance of counsel or that his sentence was unconstitutional. In particular, Petitioner has failed to establish that his counsel's performance was deficient or that his counsel's decision not to challenge the determination that he was a career offender prejudiced him in any way. Therefore, Rule 4(b) of the Rules Governing Section 2255 Proceedings requires this Court to dismiss the instant Motion to Vacate.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) is **DISMISSED**.

---

[3] Petitioner cites Apprendi v. New Jersey, 120 S. Ct. 2348, 2362-63 (2000) to support his claim. Apprendi does not support a conclusion that prior criminal convictions cannot be used to calculate or enhance a federal sentence; rather, use of a prior conviction as a sentencing factor has been held not to violate due process. Almendarez-Torres v. US, 118 S.Ct. 1219 (1998).

**SO ORDERED.**

Signed: September 9, 2010

Robert J. Conrad, Jr.
Chief United States District Judge