**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:12-cv-589-RJC**
**(3:04-cr-296-RJC-1)**
**(3:09-cv-234-RJC)**

| | |
|---|---|
| **BILLY DEE WILLIAMS,** )<br>)<br>**Petitioner,** )<br>)<br>v. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>**Respondent.** )<br>) | **ORDER** |

**THIS MATTER** is before the Court on an initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, Petitioner's motion will be dismissed.

**I. BACKGROUND**

On July 11, 2006, the Court sentenced Petitioner to life imprisonment for a conspiracy to possess with intent to distribute cocaine base (Count One) and 60 consecutive months for using and carrying a firearm in furtherance of that offense (Count Five). (3:04-cr-296, Doc. No. 36: Judgment at 1-2). Petitioner filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit which affirmed in all respects on March 11, 2008. United States v. Williams, 269 F. App'x 279 (4th Cir. 2008).

On June 9, 2009, Petitioner filed a motion under § 2255 attacking his conviction and sentence, which the Court denied on September 9, 2010. (Case No. 3:09-cv-234, Doc. No. 8: Order). The Fourth Circuit denied Petitioner's attempt to appeal that decision. (Id., Doc. No. 9:

1

Opinion).

On September 11, 2012, Petitioner filed the instant motion under § 2255 contending that the prior convictions which the Court used to enhance his drug trafficking sentence are no longer valid predicates in light of the Fourth Circuit's opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). (Doc. No. 1: Motion at 4).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

There is no mention in the instant motion that Petitioner first secured the necessary authorization to file Petitioner's second, successive motion under § 2255, nor is there any

indication of such in the record. Therefore, the Court is without jurisdiction to consider it. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003); United States v. Dudley, No. 12-7927, 2012 WL 765721, at *1 (4th Cir. Mar. 1, 2013) (in case where petitioner sought relief under Simmons, district court was obligated to dismiss unauthorized successive § 2255 motion).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** as successive.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: June 10, 2013

Robert J. Conrad, Jr.
United States District Judge